UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARREN C. SHORE,<br><br>                    Plaintiff,<br><br>          v.<br><br>BERNARD WARNER, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, GAIL ROBBINS, SCOTT RUSSELL, JOHN DOE #1 (WCC Supervising Doctor), JOHN DOE #2 (WCC Physician's Assistant), DONALD HOLBROOK, JOHN DOE #3 (WSP Supervising Doctor), KENNETH MOORE and CARE REVIEW COMMITTEE,<br><br>                    Defendants. | No.  4:15-cv-05002-EFS<br><br>**ORDER TO DISMISS ACTION** |

BEFORE THE COURT is Plaintiff's *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff, a prisoner at the Washington State Penitentiary ("WSP"), paid the $400.00 filing fee for this action and the complaint was filed on January 8, 2015.  The Court has not directed that the complaint be served, although Assistant Attorney General Jason D. Brown entered a Notice of Appearance. ECF No. 5.

In his complaint, Plaintiff asserts that he has been subjected to deliberate indifference to his pain management needs in violation of the Eighth Amendment. He also raises a pendent state claim of medical malpractice. To the extent Plaintiff is asserting claims of interference with his access to the courts arising in the Western District of Washington, he should pursue such claims in that District. Plaintiff is seeking injunctive relief and monetary damages.

ORDER TO DISMISS ACTION -- 1

**PRISON LITIGATION REFORM ACT**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1),(2) and 1915(e)(2); *See Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000)(en banc); *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* at 680. The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead

ORDER TO DISMISS ACTION -- 2

"enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### EXHAUSTION REQUIREMENT

Plaintiff admits that he is still in the process of exhausting administrative remedies at the WSP. ECF No. 1 at 4. He states that he has filed this lawsuit in order to seek preliminary injunctive relief. Plaintiff's efforts are pre-mature.

A prisoner may not bring a lawsuit with respect to conditions of confinement under § 1983 unless all available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must complete the administrative review process in accordance with the applicable rules. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Under *Woodford,* there must be proper exhaustion, which means following the steps set out in the grievance procedure. *Id.* Plaintiff does not state that he appealed any alleged non-compliance with DOC procedures.

Failure to exhaust any available administrative remedies would be cause for dismissal of the action. Exhaustion must precede the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). A prisoner must exhaust his administrative remedies before he tenders his complaint to the district court. *Vaden v. Summerhill*, 449 F.3d at 1050.

ORDER TO DISMISS ACTION -- 3

It is apparent from Plaintiff's admissions that he has not fully exhausted his administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 214-16 (2007) (exhaustion is an affirmative defense and *sua sponte* dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes his failure to exhaust). **Defendants, and the Care Review Committee, are to be given an opportunity to fully determine whether Plaintiff's use of Gabapentin should be continued or whether Plaintiff is to be prescribed opioid pain medication, as directed by Dr. Greg Carter's pain management prescription**.

Therefore, **IT IS ORDERED** the complaint is **DISMISSED without prejudice** and all pending motions are **DENIED as moot.** Plaintiff may file a new and separate lawsuit once he has fully exhausted his administrative remedies. Plaintiff will be responsible to pay the full filing fee for such action.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Plaintiff and close the file. Assistant Attorney General Jason D. Brown shall be notified electronically in the ordinary course of business.

**DATED** this  3rd  day of February 2015.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Civil\2015\prisoner15cv5002efs-2-3-dismiss.exh.docx

ORDER TO DISMISS ACTION -- 4